UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACK BATTAGLIA on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRE SELECT HOTELS CORP.,<br><br>Defendant. | Civil Action No.: 17-cv-01046-MKB-ST<br><br>NOTICE OF MOTION PURSUANT TO FED. R. CIV. P. RULE 23(e) FOR PRELIMINARY APPROVAL OF SETTLEMENT, PLAN OF ALLOCATION, CONDITIONAL CERTIFCIATION FO CLASS AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL AND SETTING PROCEDURES AND DATES FOR APPROVAL HEARING |

PLEASE TAKE NOTICE that upon the annexed Declaration of Lee Squitieri dated February 25, 2019, the exhibits thereto and accompanying Memorandum of Law, and all prior pleadings and proceedings heretofore had herein, Plaintiff will move this Court before the Honorable Margo K. Brodie, United States District Judge at the United States District Court of the Eastern District of New York located at 225 Cadman Plaza East, Brooklyn, New York 11201 at a date and time convenient to the Court for an Order, pursuant to Fed. R. Civ. P. 23(e), certifying a class for the purposes of settlement and other relief as set forth in the Proposed Order of Preliminary Approval annexed hereto as Exhibit A.

Dated: March 1, 2019

                              **SQUITIERI & FEARON, LLP**

                              By:/s/ Lee Squitieri
                                    Lee Squitieri
                              32 East 57th Street
                              12th Floor
                              New York, New York 10022
                              Telephone: (212) 421-6492
                              Facsimile: (212) 421-6553
                              lee@sfclasslaw.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACK BATTAGLIA on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRE SELECT HOTELS CORP.,<br><br>Defendant. | Civil Action No.: 17-cv-01046-MKB-ST |

## PRELIMINARY APPROVAL ORDER

WHEREAS, the above-titled putative class action (the "Class Action" or the "Litigation") is pending before the Court;

WHEREAS, Plaintiff and Defendant have entered into a Settlement Agreement dated February 25, 2019 which is subject to review and approval under Rule 23(e) of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the Litigation (the "Settlement") and the dismissal of the Litigation with prejudice;

WHEREAS, the Court has read and considered the proposed Settlement Agreement[1] and exhibits thereto, and the accompanying documents;

WHEREAS, the Counsel for Plaintiff have submitted, and the Court has reviewed, a motion, declaration of counsel and accompanying memorandum of law in support of preliminary approval of the proposed Settlement; and

WHEREAS, the Parties to the Settlement have consented to the entry of this Order; and

---

[1] Unless otherwise stated, all capitalized terms used herein have the meanings defined in the Settlement Agreement.

WHEREAS, this matter is before the Court for consideration of whether (a) the proposed Settlement reached by the parties should be preliminarily approved, (b) the proposed Settlement Class preliminarily certified, and (c) the proposed plan for notifying the class and establishing procedures for class members to participate in the settlement and/or object to the settlement or exclude themselves from the settlement (the "Notice Plan") be adopted. Having reviewed the proposed Settlement Agreement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval and therefore the proposed Settlement Class should be preliminarily certified, and the proposed Notice Plan approved. Accordingly, good cause appearing in the record, now

**IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:**

### Provisional Certification of the Class

1. Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, and the for the purposes of the Settlement only, the Court preliminarily certifies the following Settlement Class (the "Class"): Any person in the United States who acquired shares of Apple REIT Six, Inc. pursuant to the DRIP for Apple REIT Six, Inc. from February 24, 2011 to December 31, 2012 inclusive:

    (a) Excluded from the Class are: (a) Defendant; (b) its parents or any subsidiaries of Defendant; any entity in which Defendant has a controlling interest; any former executive officers or directors of BRE and/or Apple REIT Six, Inc. and their legal representatives, predecessors, successors, and assigns; the Court and any employees of the Court; any persons or entities who validly and timely exclude themselves from the Class pursuant to the procedures described in the Notice.

2

2. The Court determines, based upon the facts asserted in the declaration of Plaintiff's counsel, that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representative are typical of the claims of absent class members; that the class representative will fairly and adequately protect the interests of the class because the class representative has no interests antagonistic to or in conflict with the class and has retained experienced and competent counsel to prosecute this matter; that common issues of fact and/or law predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

3. Pursuant to Fed. R. Civ. P. 23, and for purposes of this Settlement only, the Court hereby preliminarily appoints Jack Battaglia as class representative of the Class ("Class Representative").

4. The Court appoints Squitieri & Fearon, LLP as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). The Court finds that these lawyers are experienced and will adequately protect the interests of the settlement class.

### Preliminary Approval of the Proposed Settlement

5. Upon preliminary review, the Court finds that the proposed Settlement appears to provide fair consideration for the value of the claims released and appears to be fair, reasonable, and adequate, and otherwise meets the criteria for approval, and warrants issuance of Notice to the Settlement Class. Accordingly the proposed Settlement is preliminarily approved, subject to Final Approval.

6. The Court approves the substance and procedures of the Notice Plan, in the form annexed as Exhibit "A" hereto, the "Notice of Pendency and Proposed Settlement of Class Action" ("Notice") to be mailed and/or emailed to all potential class members together; including a proposed Plan of Allocation ("POA"), and Exhibit B a proposed Final Order and Judgement. Exhibit D Draft Verification Form.

7. The Court also approves the procedures for implementation of the Notice Plan and procedures for participation in the Settlement and/or objection or exclusion by Class Members.

8. No later than 30 days after entry of this Preliminary Approval Order, Class Counsel shall cause the Notice to be emailed and mailed by the Settlement Administrator to those Class Members who can be identified from records maintained by BRE Select Hotels Corp. and/or David Lerner Associates and/or Apple Hospitality REIT, Inc. Follow-up efforts by the Claims Administrator to locate current addresses for any undeliverable Notices shall continue as needed. Not later than 15 days after entry of this Preliminary Approval Order, Class Counsel shall cause the Claims Administrator to establish a website that will provide Class Members with access to this Order, the Settlement Agreement, the Notice, and all of the papers before the Court on this motion and the motion for Final Approval of Proposed Settlement.

9. Pursuant to the terms of the Settlement Agreement, within 15 business days of the entry of this order, Defendant is directed to pay the sum of $3.75 million (Three Million, Seven-Hundred Fifty Thousand Dollars) into an escrow account to be maintained by Squitieri & Fearon, LLP, until appropriate escrow accounts are established by the Settlement Administrator and maintained by the Escrow Agent, as set out in the Settlement Agreement.

## Final Approval Hearing

10. A final approval hearing shall take place before the Court on or after 100 days after entry of Preliminary Approval Order at ____ a.m./p.m. in the United States District Court for the Eastern District of New York at the Courthouse at 225 Cadman Plaza East, Brooklyn, New York 11201, before the Honorable Judge Margo K. Brodie in Courtroom 6F ("Final Approval Hearing"), to determine, among other things, whether: (a) the proposed settlement class should be finally certified pursuant to Federal Rule of Civil Procedure 23(b)(3); (b) the Settlement, including the Plan of Allocation, should be finally approved as fair, reasonable, and adequate and, in accordance with the Settlement's terms, this matter should be dismissed with prejudice; (c) Class Counsel's application for attorneys' fees, costs and expenses should be approved; (d) the application for the class representative to receive a service award should be approved; (e) to hear and determine any objections to the proposed Settlement or other relief requested; and (f) any other matters the Court deems necessary and appropriate will also be heard.

11. Any Class Member who has not timely and properly excluded himself/herself or itself from the Settlement Class in the manner described below may appear at the Final Approval Hearing in person or through counsel and be heard, to the extent allowed by the Court as described in the Notice and herein, regarding the proposed Settlement. Provided, however, that no Class Member who has elected to exclude him/her/itself from the Class shall be entitled to object or otherwise appear, and, further provided, that no Class Member shall be heard unless the Class Member complies with the requirements of this Order pertaining to objections, which are described below.

5

### Administration

12.     Class Counsel shall be responsible for selection, retention and supervision of a Settlement Administrator, who shall be responsible for Notice and for calculation of, and for calculation of, and disbursement of, the Net Settlement Fund to Eligible Class Members and otherwise pursuant to any order of this Court. The Settlement Administrator's fees and expenses will be paid from the Settlement Fund pursuant to the Settlement Agreement.

### Notice to the Class

13.     The Notice Plan set forth in the Settlement Agreement satisfies the requirements of Federal Rule of Civil Procedure 23 and is thus approved. Non-material modifications to the exhibits to the Notice may be made without further order of the Court as mutually agreed by the parties hereto. The Settlement Administrator and Class Counsel are directed to carry out the Notice Plan in conformance with the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires and as may be required by the terms of its engagement.

14.     The Court finds that the form, content, and method of giving Notice to the Settlement Class as described in the Settlement Agreement and exhibits: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the Notice is written in plain language and is designed to be readily understandable by settlement Class Members.

### Exclusions from the Class

15. Any Settlement Class Member who wishes to be excluded from the settlement class must mail a written notification of the intent to exclude him/her or itself to the Settlement Administrator at the address provided in the notice, postmarked no later than 60 days after the date of entry of Preliminary Approval Order (the "Opt-Out Deadline"). The written notification must identify the Settlement Class Member by name and mailing and emailing addresses; state that the Settlement Class Member has chosen to opt-out or exclude him/her/itself from the Settlement Class; and identify the number of DRIP shares purchased during the Class Period and the number of any Apple REIT Six, Inc. shares redeemed during the Class Period and must bear the signature of the Class Member.

16. The Settlement Administrator shall provide the parties with copies of all opt-out notifications. Within five business days after the Opt-Out Deadline, a final list of all that have timely and validly excluded themselves from the Settlement Class should be compiled and should be filed with the Court before the Final Approval Hearing.

17. Any Settlement Class Member who does not timely and validly exclude himself/herself and/or itself from the Settlement shall be bound by the terms of the Settlement and Preliminary Approval Order. If Final Judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Action shall be bound by all subsequent proceedings, orders, and judgment in this matter, including but not limited to the Release set forth in the Settlement and Order of Final Judgment.

18. All those who submit valid and timely notices of exclusion shall not be entitled to receive any benefits of the settlement and shall not be bound by any Order of Final Judgment or the Release.

### Objections

19. The Court will consider any objections, and comments in support of, or in opposition to, the proposed Settlement, the Plan of Allocation, or any request for counsel for an award of attorneys' fees, reimbursement of litigation expenses, and an award to Plaintiff only if such comments and any supporting papers are in writing and filed with the Clerk of the Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Room 130, Brooklyn, New York 11201, and copies of all such papers are served, on or before 60 days after entry of Preliminary Approval Order ("Objection Deadline") upon each of the following by U.S. Mail and e-mail:

> Lee Squitieri
> Squitieri & Fearon, LLP
> 32 East 57th Street
> 12th Floor
> New York, New York 10022
> lee@sfclasslaw.com

> Jonathan K. Youngwood
> Simpson Thacher & Bartlett
> 425 Lexington Avenue
> New York, New York 10017
> jyoungwood@stblaw.com

20. A settlement class member who complies with the requirement of this Order may assert an objection to the proposed Settlement, Class Counsel's request for fees and expenses, or the request for a service award to the class representative.

21. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline on or before; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Defendant's Counsel, at the addresses listed in the Notice, and postmarked no later

than the Objection Deadline, as specified in the Notice. Objections shall not exceed twenty-five (25) pages. For the objection to be considered by the Court, the objection shall set forth:

    (a)    The name of this action;

    (b)    The name of the objector and the full name, address, email address, and telephone number of any person acting on its behalf with respect to the objection;

    (c)    An explanation of the basis upon which the objector claims to be a settlement class member, *i.e.* number of DRIP shares purchased and dates of purchase number of Apple REIT Six, Inc. shares redeemed, verified by the Objector, not the Objector's representative unless accompanied by duly executed Power of Attorney;

    (d)    All grounds for the objection, accompanied by any legal support for the objection;

    (e)    The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the settlement, the fee application, or the application for service awards;

    (f)    The identity of all counsel representing the objector who will appear at the Final Approval Hearing;

    (g)    The title and/or caption of each case in which the objector has made an objection to a class action Settlement in the preceding five years;

    (h)    If the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include (i) a description of the attorney's legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fee being sought; (iii) a statement regarding

9

whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate;

   (i) Any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity;

   (j) A description of all information to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any document or other non-oral material to be presented; and

   (k) A statement confirming whether the objector or representative intends to personally appear and/or testify at the Final Approval Hearing.

  22. Attendance at the Final Approval Hearing is not necessary; however, persons wishing to be heard orally with respect to the approval of the Settlement, the Plan of Allocation, and/or any request by counsel for an award of attorneys' fees and reimbursement of litigation expenses, are required to indicate in their written comments or objections their intention to appear and be heard at the Final Approval Hearing.

  23. Any settlement class member who fails to comply with the provisions in this Order may be barred from presenting its objection in court, and shall be bound by all the terms of the settlement agreement, this Order, and by all proceedings, orders, judgments, including, but not limited to, the release in the Settlement Agreement if final judgment is entered.

24. Class Counsel shall provide counsel for BRE with copies of any requests for exclusion as expeditiously as possible, but in no event later than seven (7) calendar days after the Opt-Out Deadline and no less than fourteen (14) days prior to the Final Approval Hearing.

## Claims Process and Allocation Formula

25. The Settlement Agreement provides for calculation and distribution of the Net Settlement Fund benefits to Settlement Class Members who do not exclude themselves from the settlement. The Settlement Administrator will mail payments, calculated pursuant to the Plan of Allocation to each settlement class member who does not exclude him/her/itself from the settlement. The Court preliminarily approves this process, including specifically the Plan of Allocation that describes how payments will be calculated and is attached to the Settlement Agreement, and directs that the Settlement Administrator effectuate the calculation and the distribution process according to the terms of the Settlement Agreement.

## Termination of the Settlement and Use of this Order

26. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

27. This Order shall be of no force or effect if the Order of Final Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability; shall not be construed or used as

11

an admission, concession, or declaration by or against any settlement class representative or any other settlement class member that its claims lack merit or that the relief requested is inappropriate, improper, or unavailable; and shall not constitute a waiver by any party of any defense or claims it may have in this litigation or in any other lawsuit.

## Stay of Proceedings

28. Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of Order of Final Judgment, or until further order.

## Continuance of Final Approval Hearing

29. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the settlement class.

## Summary of Deadlines

30. The settlement agreement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the settlement agreement and this Order include but are not limited to the following:

Notice Deadline: [30 days after entry of this Order]

Objection and Opt-Out Deadline: [60 days after the Notice Deadline]

Filing Motion for Final Approval: [14 days before Final Approval Hearing]

Final Approval Hearing: [a date to be set by the Court no earlier than 100 days after the date of the entry of the preliminary approval order]

IT IS SO ORDERED this ___ day of _____, 2019.

                                            The Honorable Margo K. Brodie
                                            United States District Court Judge