UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACK BATTAGLIA on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRE SELECT HOTELS CORP.,<br><br>Defendant. | Civil Action No.: 17-cv-01046-MKB-ST |

## FINAL ORDER AND JUDGMENT CERTIFYING CLASS, APPROVING SETTLEMENT AND APPROVING PLAN OF ALLOCATION

WHEREAS:

    A.    On February 22, 2019, Plaintiff Jack Battaglia ("Plaintiff") entered into a Settlement Agreement (the "Settlement Agreement")[1], in the above-captioned action (the "Litigation" or the "Class Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed Settlement of the claims alleged in the Litigation on the merits and with prejudice (the "Settlement").

    B.    Pursuant to the Court's Order dated (ECF No. 84, entered July 16, 2019 (the "Preliminary Approval Order"), the Court held a hearing on November 6, 2019 (the "Final Fairness Hearing") for the following purposes:

    (1)    to finally determine whether the Class satisfies the applicable prerequisites for certification under Fed. R. Civ. P. 23(a) and 23(b)(1)(B);

---

[1] Unless otherwise stated, all capitalized terms used herein have the meanings defined in the Stipulation of Settlement.

    (2) to finally determine whether the Settlement should be approved by the Court as fair, reasonable and adequate and in the best interests of the Class;

    (3) to determine whether a Final Order and Judgment should be entered pursuant to the Settlement Agreement, dismissing the Class Action with prejudice as against the Plaintiff and the Class and effectuating the Releases described below;

    (4) to determine whether the proposed Plan of Allocation of the Settlement Fund set forth in the Notice is fair and reasonable, and should be approved by the Court;

    (5) to consider any request by Class Counsel for an award of attorneys' fees, reimbursement of litigation expenses and a service award to Plaintiffs Jack Battaglia;

    (6) to hear and determine any objections to the Settlement or to any request by Class Counsel for an award of attorneys' fees and reimbursement of litigation expenses; or to the request for a service award to the class representative; and

    (7) to rule on such other matters as the Court may deem appropriate.

  C. The Court ordered that the Notice be mailed by first-class mail, postage prepaid, on or before August 15, 2019 (the "Notice Deadline"), to all Class Members who could be identified with reasonable effort by the Claims Administrator.

  D. The Class Notice advised Class Members of the date, time, place, and purpose of the Final Approval Hearing. The Notice further advised that any objection to the Settlement was required to be filed with the Court and served on counsel on or before September 16, 2019.

  E. The Court finds that the provisions of the Preliminary Approval Order as to notice were complied with.

  F. On October 23, 2019, Plaintiff moved for Final Approval of the Settlement, as directed in the Preliminary Approval Order. Docket No. 88-89. The Final Approval Hearing

was duly held before this Court on November 6, 2019, at which time all interested persons were afforded the opportunity to be heard.

G. This Court has duly considered Plaintiff's motion, the affidavits, declarations, and memoranda of law submitted in support thereof, the Settlement Agreement, the Plan of Allocation the proposed terms of the Final Order and Judgment, the Release, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Final Order and Judgment incorporates by reference the definitions in the Settlement Agreement and all capitalized terms used in this Judgment that are not otherwise defined herein shall have the same meanings as set forth therein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3. The Court hereby re-affirms its determinations in the Preliminary Approval Order and certifies, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Class defined as:

> Any person in the United States who participated in the DRIPs for Apple REIT Six, Inc. from February 24, 2011 to December 31, 2012 inclusive.[2]

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, the Court hereby re-affirms its determinations in the

---

[2] Excluded from the proposed Class are: (a) Defendant its parent or any subsidiaries, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant; (b) any former executive officers and directors of Apple REIT Six, Inc. and/or BRE and their legal representatives, predecessors, successors and assigns; and (c) any persons or entities who validly and timely exclude themselves from the Class pursuant to the procedures described in the Notice.

3

Preliminary Approval Order that: (a) Plaintiff is certified as Class Representative for the Class; and (b) the law firm of Squitieri & Fearon, LLP is appointed as Class Counsel.

5. The Notice provided for and given to the Settlement Class: (i) was in compliance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) was directed to the potential class members of the conditionally certified class; (iv) constituted notice that was reasonably calculated to apprise Class Members of (a) the effect of the Settlement, (b) of the proposed Plan of Allocation, (c) of Class Counsel's request(s) for awards of attorneys' fees, and payment(s) of expenses incurred in connection with the prosecution of the Action, (d) an award to Plaintiff ("Service Award"), (e) of Class Members' right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's request(s) for awards of attorneys' fees and Plaintiff service award payment(s) of expenses incurred in connection with the prosecution of the Action, and (f) of their right to appear at the Final Fairness Hearing; (v) constituted due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (vi) satisfied the notice requirements of Rule 23 and specifically 23(b)(2)(c)(B) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6. The Court has not been made aware of any objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure or otherwise. The docket does not reflect any objections nor any opt-outs.

7. In light of the benefits to the Class, the complexity, expense and possible duration of further litigation of the Action, the risks of establishing liability and damages, the Court hereby fully and finally approves the Settlement as set forth in the Settlement Agreement in all respects, and finds that the Settlement and the Plan of Allocation is, in all respects fair,

reasonable and adequate, and in the best interests of Plaintiff and Settlement Class Members. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties. The Settlement is hereby approved and shall be consummated in accordance with the terms and provisions of the Settlement Agreement and Plan of Allocation.

8. **The Plan of Allocation treats class members equitably relative to each other pursuant to 23(e)(2)(D) and is hereby approved.**

9. The Class Action is hereby dismissed in its entirety, with prejudice, and without costs to any party, except as otherwise provided in the Settlement Agreement.

10. Upon the Effective Date, Plaintiff and each and every other Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims (defined in Section I) as set forth in Section XII of the Settlement Agreement, against each and every one of the Released Parties, as defined in Section I of the Settlement Agreement, and shall forever be BARRED, ENJOINED AND RESTRAINED from commencing, instituting, prosecuting or maintaining any and all such Released Claims against any and all of the Released Parties.

11. Each Member of the Class is bound by this Judgment, including, without limitation, the releases of claims as set forth above.

12. This Final Order and Judgment and the Settlement Agreement, whether or not consummated, and any discussions, negotiations, proceedings or agreements relating to the Agreement, the Settlement, and any matters arising in connection with settlement discussions or

negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties, or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

    (a)    do not constitute, and shall not be offered or received against or to the prejudice of Defendant as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by them with respect to the truth of any allegation by Plaintiff and the Class, or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendant;

    (b)    do not constitute, and shall not be offered or received against or to the prejudice of Defendant as, evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by them, or against or to the prejudice of Plaintiff or any other Settlement Class Member(s) as evidence of any infirmity in the claims of Plaintiff or other Settlement Class Members;

    (c)    do not constitute, and shall not be offered or received against or to the prejudice of Defendant, Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendant, Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement;

(d) do not constitute, and shall not be construed against Defendant, Plaintiff, or any other Settlement Class Member, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiff or any other Settlement Class Member that any of their claims are without merit or infirm or that damages recoverable in the Litigation would not have exceeded the Settlement Amount.

13. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

14. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

15. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement as circumstances warrant.

16. The Parties are hereby directed to perform the Settlement Agreement and to perform its terms.

17.    A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. Such order shall in no way disturb or affect this Judgment once entered and shall be considered separate from this Judgment.

18.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement Agreement and Settlement; (ii) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Net Settlement Fund; (iii) disposition of the Net Settlement Fund according to the Plan Of Allocation; (iv) hearing and determining applications for attorneys' fees, costs, interest and payment of expenses in the Litigation; (v) all Parties for the purpose of construing, enforcing and administering the Settlement Agreement, Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED.

Dated: Brooklyn, New York
_____, 2019

_____
Judge Margo K. Brodie